# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shannon George Wilson, | Civ. No. 06-1233 (RHK) |
| | Crim. No. 02-361 (RHK/RLE) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION and ORDER** |
| United States of America, | |
| Respondent. | |

Shannon George Wilson, Federal Correctional Institution – Oxford, P.O. Box 1000, Oxford, Wisconsin, 53952, Petitioner, pro se.

William H. Koch, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

## INTRODUCTION

This matter is presently before the Court pursuant to a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Docket No. 49), which has been filed, pro se, by Defendant Shannon George Wilson, (hereafter "Petitioner"). The motion has been fully briefed by the parties, and the Court is now prepared to rule on it. For the reasons discussed below, Petitioner's motion will be DENIED.

## BACKGROUND

In November 2002, Petitioner was indicted for (1) being a felon in possession of a firearm, and (2) being a felon in possession of ammunition. Petitioner later entered into a plea agreement, by which he pled guilty to the first count of the indictment, (possession of a firearm), and the second count was dismissed.

At sentencing, this Court found that Petitioner had been convicted of at least three prior "violent felonies," and that he was therefore subject to the sentencing provisions of the Armed Career Criminal Act, ("ACCA"). Petitioner was then sentenced to 180 months in federal prison, the minimum sentence allowed under the ACCA.

Petitioner filed a direct appeal that challenged his sentence on several grounds. He argued that his constitutional rights had been violated because the facts regarding his prior convictions were determined by the trial court judge, rather than a jury. He further argued that he should not have been sentenced under the ACCA, because he did not actually have three prior "violent felony" convictions. The Court of Appeals considered and rejected all of Petitioner's arguments on the merits, and his conviction and sentence were upheld on direct appeal. United States v. Wilson, 406 F.3d 1074 (8th Cir.), cert. denied, 126 S.Ct. 292 (2005).

Petitioner then filed his current § 2255 motion, which raises three grounds for relief:

(1) that Petitioner was improperly sentenced based on factual determinations regarding his prior felony convictions that were made by a judge, rather than a jury;

(2) that the statute under which Petitioner was convicted, barring possession of a firearm by a convicted felon, is an unconstitutional infringement of the Second Amendment's "right to keep and bear Arms;" and

(3) that Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel, because his attorneys did not adequately assert Grounds (1) and (2) in the trial court, or on direct appeal.[1]

---

[1] Petitioner's Reply to the Government's Response, (Docket No. 54), suggests that there are actually nine claims for relief presented in his § 2255 motion. However, there is a great deal of redundancy

2

**ANALYSIS**

**I. Grounds One and Two**

Petitioner's first two grounds for relief must be summarily denied based on the rule of procedural default, because those claims were raised, or could have been raised, on Petitioner's direct appeal. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). See also United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) ("[t]o the fullest extent possible, all arguments, even constitutional or jurisdictional ones... should be made at trial and on direct appeal"). "Once the defendant's chance to appeal has been waived or exhausted... [federal courts] are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." Frady, 456 U.S. at 164. Thus, when a defendant fails to raise an issue on direct appeal, he or she is generally barred from raising that issue for the first time in a post-conviction proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), cert. denied, 507 U.S. 945 (1993).

To obtain post-conviction relief on a claim that was not previously raised on direct appeal, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 164. The prisoner must show both sufficient cause to excuse the procedural default, and actual prejudice resulting from the claimed error. Id. at 168. See also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996 ) (a prisoner "may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error"); United

---

and overlap in Petitioner's description of those nine claims, and the Court finds that they are all effectively subsumed within the three claims identified here.

States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001), (claims not raised on direct appeal are procedurally defaulted, and will not be considered unless the movant shows cause and prejudice), cert. denied, 534 U.S. 1097 (2002).

Here, Petitioner's first two grounds for relief were already known to him, or at least readily discernible, when he filed his direct appeal. Petitioner's first set of claims, regarding the determination of his prior felony convictions, was not only known, but was in fact raised, and decided on the merits, on Petitioner's direct appeal. Petitioner's second set of claims, based on the Second Amendment, was fully ascertainable and available when he brought his direct appeal. Petitioner's Second Amendment claims could have been raised just as readily on direct appeal as now. Thus, the Court finds that all of the arguments presented in Petitioner's first two grounds for relief have been procedurally defaulted.

Petitioner has not made any specific effort to show cause and prejudice to overcome his procedural default. However, the Court recognizes that "[a]bsent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice." Apfel, 97 F.3d at 1076. In other words, a prisoner can overcome a procedural default if he can show that his default was attributable to attorney errors that deprived him of his Sixth Amendment right to effective assistance of counsel.

In this case, Petitioner has claimed that he was denied effective assistance of counsel, because his counsel did not raise the other claims presented in his current § 2255 motion, i.e., Grounds (1) and (2). Therefore, in order to determine whether Petitioner has shown sufficient "cause and prejudice" to overcome his procedural default of the arguments raised in Grounds (1) and (2), the Court must decide Petitioner's

4

ineffective assistance of counsel claim.[2]

## II. Ineffective Assistance of Counsel

### A. Standard of Review

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a defendant claiming ineffective assistance of counsel must show (a) that his attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced the defendant's case.

Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance. Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000). Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). To meet the "prejudice" part of the Strickland test, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### B. Petitioner's Ineffective Assistance Claims

Petitioner claims that he received ineffective assistance of counsel because his attorneys did not

---

[2] Petitioner's ineffective assistance of counsel claim was not procedurally defaulted, because such claims are properly raised under § 2255, rather than on direct appeal. United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006).

advance the other claims he has presented here – namely (1) that his sentencing was invalid, because it was based on factual determinations about his prior felony convictions that were made by the trial judge, rather than a jury, and (2) that his conviction is invalid, because the statute under which he was convicted is unconstitutional, under the Second Amendment. The Court finds that Petitioner was not denied effective assistance of counsel on either of those matters.

First, Petitioner's counsel did challenge the sentencing process employed in this case. Petitioner's counsel argued on direct appeal, just as Petitioner does here, that the issues regarding his prior felony convictions were factual issues that should have been decided by a jury, rather than a judge. Although the Court of Appeals obviously rejected those arguments, (Wilson, 406 F.3d at 1075-76), the fact remains that Petitioner's counsel did present them. Counsel cannot be considered incompetent, simply because the Court of Appeals did not accept the legal arguments advanced on Petitioner's behalf.

Petitioner also claims that he was denied effective assistance of counsel because his attorneys previously failed to raise the Second Amendment arguments that he has raised in his current § 2255 motion. This claim fails because Petitioner's Second Amendment arguments are just too feeble. "The United States Constitution guarantees a criminal defendant only a fair trial and a competent attorney, and does not insure that defense counsel will recognize and raise every conceivable constitutional claim." Hayes v. Lockhart, 766 F.2d 1247, 1252 (8th Cir.), cert. denied, 474 U.S. 922 (1985). Indeed, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986), quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983). See also Donnell v. Dormire, No. 99-1712 (8th Cir.), 2000 WL 84421 (unpublished opinion) at *1 ("[a]ppellate counsel need not raise every

colorable claim,... and, to be effective, counsel often must screen out weaker issues") (citations omitted), cert. denied, 531 U.S. 846 (2000).

Petitioner apparently has done considerable research on the Second Amendment, so he undoubtedly knows that federal courts have not been receptive to Second Amendment challenges to federal firearms statutes. The Court is not aware of any federal case which holds, (as Petitioner argues here), that the Federal Constitution prohibits Congress from enacting legislation that limits the rights of convicted felons to possess firearms. It appears that Petitioner's appellate counsel wisely determined that raising an unsustainable Second Amendment argument would only diminish the credibility of the other claims raised in Petitioner's direct appeal. Bearing in mind that the strategic decisions of counsel are entitled to great deference, it cannot be said that counsel's failure to raise a Second Amendment argument in this case fell "outside the wide range of professionally competent assistance."

In sum, Petitioner has not identified any substantial argument for challenging his conviction or sentence that was not raised by his counsel. Because he has not shown that his counsel was incompetent, his ineffective assistance of counsel claim must be denied. It follows that Petitioner is unable to show sufficient "cause and prejudice" to overcome his procedural default of the remaining claims presented in his § 2255 motion. See Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (prisoner's ineffective assistance of counsel claim failed to overcome his procedural default of issues not raised on direct appeal, because he failed to sustain his ineffective assistance claim). Therefore, Petitioner's § 2255 motion will be denied in its entirety, and with prejudice.

## CERTIFICATE OF APPEALABILITY

The Court anticipates that Petitioner may seek appellate review of this ruling on his § 2255 motion.

However, a federal prisoner may not appeal a final order in a proceeding under § 2255, without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the prisoner "has made a <u>substantial showing</u> of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. <u>See</u> <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 946 (1994) (citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432, (1991) (<u>per curiam</u>)); <u>see also</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 834 (1998).

The Court finds that the resolution of Petitioner's current claims is not "debatable among reasonable jurists." <u>Flieger</u>, 16 F.3d at 882-83. Nor do Petitioner's claims present any important questions of law that warrant appellate review. Thus, the Court concludes that Petitioner is not entitled to a Certificate of Appealability in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255,

(Docket No. 49), is **DENIED**, with prejudice; and

(2) Petitioner will not be granted a Certificate of Appealability if he attempts to appeal this Order to the Eighth Circuit Court of Appeals.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  October   30   , 2006

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge
